# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA TOMASSONI and MARK TOMASSONI, | CIVIL ACTION NO. 3:11-CV-105 |
| Plaintiffs, | (JUDGE CAPUTO) |
| BRUCE FARR and USA TRUCK, INC., | |
| Defendants, | |

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 3.) For the reasons stated below, Defendants' Motion will be denied.

## BACKGROUND

The facts alleged in the Complaint are as follows. Plaintiffs are citizens of Pennsylvania who currently reside in Lackawanna County. Defendant Farr is a citizen of Arkansas, and Defendant USA Truck, Inc. is an Arkansas corporation with its principal place of business in Indiana. On September 21, 2010, at approximately 4:28 p.m., Plaintiff Debra Tomassoni was operating a motor vehicle in a southbound direction in the left lane of travel on SR81 in Scranton, Lackawanna County, PA, approaching the Exit 184 on-ramp to SR81 South. Simultaneously, Defendant Farr, operating a tractor trailer as an employee of Defendant USA Truck, Inc., was traveling south in the right hand lane of SR81 in Scranton, Lackawanna County, PA. When Defendant Farr attempted to change lanes, the tractor trailer he was operating hit the right side of Ms. Tomassoni's vehicle, pushing her vehicle into a concrete barrier and then dragging her vehicle until it eventually spun into a grassy

median and caught fire.

In their Complaint, Plaintiffs have each brought claims for Negligence against Defendants Farr and USA Truck, Inc. (Counts I, II, III, and IV), and Ms. Tomassoni has also brought claims for punitive damages against both Defendants (Counts V and VII.) Plaintiffs originally filed suit in the Lackawanna County Court of Common Pleas. Defendants then removed the case to the Middle District of Pennsylvania on January 14, 2011, pursuant to U.S.C. § 1441. (Doc. 1.) On January 2, 2011, Defendants moved to dismiss the punitive damages claims against them. (Doc. 3.) The Motion has been briefed by both sides and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual

2

detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiffs' punitive damages claims will not be dismissed because they have pled facts sufficient to create a reasonable expectation that discovery will yield evidence supporting their punitive damages claims.

The standard for awarding punitive damages under Pennsylvania law is well-established:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others... [a]s the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.

*Hutchinson v. Lundy*, 582 Pa. 114, 121 (2005). While ordinary negligence will not support an award of punitive damages, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the

3

parties injured." *Id.* at 120 (internal citation omitted). In *Young v. Westfall*, a case factually similar to the instant suit, a court in this district applying the standard articulated in *Hutchinson* denied a motion to dismiss a punitive damages claim, stating: "[a]lthough the facts may later prove at most that defendants were merely negligent, discovery is necessary to help make this determination. Dismissing plaintiffs' punitive damages claim now at the pleading stage would be premature." No. 4:06-cv-2325, 2007 WL 675182 at *2 (M.D. Pa. March 1, 2007) (J. McClure).

Here, the Court finds the reasoning of *Young* persuasive, and will not dismiss Plaintiffs' punitive damages claims against the Defendants are similar grounds. Plaintiffs have pled that Defendant Farr operated his tractor trailer improperly, that he was so fatigued while driving that he could not properly operate the vehicle he was driving, and that he operated his vehicle in excess of the applicable hours of service. Plaintiffs have further alleged that Defendant USA Truck Inc. failed to properly train Defendant Farr, allowed him on the road despite inadequate training such that he couldn't properly maintain control of the tractor trailer, and allowed him to continue driving even though the company knew he was driving in excess of the applicable hours of service. Plaintiffs allege all of the foregoing constitute reckless indifference. Even though Plaintiffs have brought their suit solely under a theory of negligence, if these allegations are proven, they could support a claim for punitive damages. As a result, the Court believes that dismissing these claims at this time would be premature. Defendants will still have the opportunity to move for summary judgment on this issue after discovery is completed .

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages (Doc. 3) will be denied.

An appropriate order follows.

| | |
|---|---|
| 3/8/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA TOMASSONI and MARK TOMASSONI,

    Plaintiffs,

BRUCE FARR and USA TRUCK, INC.,

    Defendants,

CIVIL ACTION NO. 3:11-CV-105

(JUDGE CAPUTO)

## ORDER

**NOW**, this   8th   day of March, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 3) is **DENIED**.

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge